UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT OWENSBORO
CIVIL ACTION NO. 4:10CV-P19-M

JESSE PAYNE                                                                                    PLAINTIFF

v.

COMMONWEALTH OF KENTUCKY *et al.*                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court for screening of the *pro se* complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the Court will dismiss this action.

Plaintiff is a prisoner currently incarcerated at the Daviess County Detention Center. Plaintiff filed his original complaint in this action using the caption "Civil Tort Civil Suit" and citing 42 U.S.C. §§ 1981 and 1982 and the 8th and 14th Amendments, as well as sections 81, 78 and 228 of the Kentucky Constitution, in support of his claims.

The Clerk of Court issued a Notice of Deficiency requesting him to file his complaint on a complaint form. In his amended complaint, filed on a 42 U.S.C. § 1983 complaint form, he sues the Commonwealth of Kentucky, Governor Steve Beshear, the Department of Corrections (DOC), DOC Commissioner LaDonna H. Thompson, Parole Board Chair Caroline W. Mudd, and Parole Board Members Doug Gibson, Patricia Turpin, Joey Stanton, Chuck Massarone, Verman Winburn, Larry Chandler, Joanie Abramson, Dr. Thomas Whetstone, Jeanetta Lee Massey, and Michael Grugin.

Plaintiff alleges that he had a Parole Board hearing on December 10, 2009, and that the Parole Board wrongfully denied his parole in issuing a ruling deferring his parole for 60 months. While the basis for his complaint is not entirely clear from the original complaint or amended

complaint, the amended complaint references the 8th and 14th Amendments and "Section D of The Civil Rights Act of 1866, The Predecessor to 42 U.S.C. § 1981." He claims that the denial of his parole was in error and a result of misconduct by the Parole Board. As relief, Plaintiff demands $50 million in damages and release on parole.

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

**A.** **42 U.S.C. § 1983**

To state a claim under § 1983, a plaintiff initially must plead and prove two elements: (1) that he has been deprived of a right, privilege, or immunity secured by the Constitution and laws of the United States; and (2) that the defendant(s) deprived him of that right while acting under the color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part by Daniels v. Williams*, 474 U.S. 327 (1986). Absent either element, no § 1983 claim exists. *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

As noted above, Plaintiff alleges that the Parole Board wrongfully deferred his parole and demands to be released on parole. However, "[t]he Supreme Court has held that a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)) "[A] state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82. Habeas is

2

the sole vehicle for the Plaintiff's claims for declaratory relief because the success of his claims would necessarily imply the invalidity of the punishment imposed. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Therefore, a § 1983 claim is not cognizable until the outcome of the prison proceeding has been overturned. *Id.* The *Edwards* court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or *for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid*, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). The *Heck* doctrine applies to a prisoner's § 1983 claim seeking release on parole. *Wilkinson*, 544 U.S. at 81-82; *Norwood v. Mich. Dep't of Corr.*, 67 F. App'x 286, 287 (6th Cir. 2003).

Plaintiff's allegations make clear that his denial of parole has not been overturned. Accordingly, his § 1983 claim for declaratory relief and monetary damages is not presently cognizable, and his claim will be dismissed for failure to state a claim upon which relief may be granted.[1]

**B.     28 U.S.C. § 2254**

A petition for writ of habeas corpus under 28 U.S.C. § 2254 is the exclusive vehicle for a state prisoner seeking release on parole. *Wilkinson*, 544 U.S. at 81-82. This Court is not permitted to recharacterize the Plaintiff's § 1983 action as a § 2254 petition because doing so may bar the Plaintiff from asserting a habeas challenge to his state sentence at a later date. *Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004). Therefore, the **Clerk of Court is**

---

[1] The Court notes that the § 1983 complaint form, which Plaintiff completed in filing the amended complaint, states specifically in Section IV: "If you seek relief which affects the fact or duration of your imprisonment (for example...restoration of good time...), you must file your claim under 28 U.S.C. §§ 2241, 2254 or 2255."

**DIRECTED** to send Plaintiff a blank form for filing a 28 U.S.C. § 2254 petition for writ of habeas corpus for use by Plaintiff should he wish to file such an action.

The Court notes that Plaintiff must exhaust all available state remedies or demonstrate their inadequacies before a federal court may grant habeas corpus relief. 28 U.S.C. § 2254(b);[2] *Martin v. Mitchell,* 280 F.3d 594, 603 (6th Cir. 2002) ("Habeas corpus relief is available only if the applicant first exhausts remedies available in state court.").

Further, the Court warns Plaintiff that, **if a state prisoner fails to include all of his claims in an initial § 2254 motion, he may lose any other claims if he tries to assert them later.**

Therefore, the **Clerk of Court is DIRECTED** to send Plaintiff a blank form for filing a 28 U.S.C. § 2254 petition for writ of habeas corpus and blank application to proceed without prepayment of fees for use by Plaintiff should he wish to file such an action.

Date:

cc: Plaintiff, *pro se*
4414.010

---

[2] Section 2254 provides, in pertinent part:
(b)(1) An application for a writ of habeas corpus . . . shall not be granted unless it appears that:
(A) the applicant has exhausted the remedies available in the court of the State; or
(B)(I) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.